IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,   09-CR-60060-AA

    Plaintiff,

                                                      OPINION AND ORDER

    v.

JAMES TRACY CUNEO,

    Defendant.

AIKEN, Chief Judge:

    Defendant moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

    On April 13, 2009, defendant was arraigned on a criminal complaint charging him with threatening to assault and murder a federal law enforcement officer in violation of 18 U.S.C. § 115. Three days later, a federal grand jury returned a single-count indictment charging defendant with threatening to assault and

1   - OPINION AND ORDER

murder a federal law enforcement officer. On April 20, 2009, defendant was arraigned on the indictment and a jury trial was set for June 23, 2009. At a status conference on June 8, 2009, the court reset trial to September 22, 2009 in order to allow defendant's counsel to complete their investigation. On August 20, 2009, a three-count superceding indictment was returned by a federal grand jury charging defendant with threatening to assault a federal law enforcement office in violation of 18 U.S.C. § 115, felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1), and felon in possession of ammunition in violation of 18 U.S.C. § 924(g)(1).

On September 1, 2009, defendant pled guilty to felon in possession of a firearm and the remaining counts were dismissed by the government pursuant to a plea agreement. In pleading guilty, defendant stated that he understood the charge against him and agreed that his relevant conduct included possession of a firearm.

On November 12, 2009, defendant was sentenced, consistent with a joint recommendation of the parties, to a five-year term of probation with standard and special conditions. On November 19, 2009, the written Judgment and Commitment order and statement of reasons were entered.

Pursuant to the plea agreement, defendant waived his right to appeal any aspect of the conviction and sentence on any

grounds, with three exceptions unrelated to this motion. Defendant also waived the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel and as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Defendant did not appeal his sentence or conviction. Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel prior to his guilty plea.

## DISCUSSION

Defendant originally alleged four grounds of ineffective assistance by his first appointed counsel. Defendant withdrew the third ground based on the failure to mount an adequate defense. Defendant's remaining grounds allege that counsel lied to him, was hostile, and incompetently represented him. Motion under § 2255, pp. 5-6, 8-9.

To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Wash., 466 U.S. 668, 687 (1984). Defendant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Further, proving that deficient performance caused prejudice requires more than "show[ing] that the errors

3   - OPINION AND ORDER

had some conceivable effect on the outcome of the proceeding." Id. at 693. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

Strickland's two-prong approach applies to plea proceedings. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The first prong of Strickland, deficiency of counsel, remains the same, while the second prong, prejudice, requires that petitioner show a reasonable probability that, but for counsel's advice, petitioner would not have pleaded guilty. Id. at 58-59.

Counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. However, the duty to investigate is not limitless. Hendricks v. Calderon, 70 F. 3d 1032, 1040 (9th Cir. 1995). Counsel "may make a reasonable decision that particular investigations are unnecessary," and in reviewing the reasonableness of such decision, a court must "apply a heavy measure of deference to counsel's judgments." Babbit v. Calderon, 151 F. 3d 1170, 1173-1174 (9th Cir. 1998). "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Strickland, 466 U.S. at

4    - OPINION AND ORDER

691. Here, I find that defendant fails to present evidence that counsel's performance was deficient or that prejudice resulted from any deficiency.

### Ground One

In his petition and briefing, defendant argues that his attorney lied to him. In doing so, defendant alleges that counsel told him he had no right to a speedy trial. At a status conference held on June 8, 2009, defendant's counsel requested a ninety-day continuance of the June 23, 2009 trial date. Defendant, in a letter and during the status conference, expressed his opposition to any setover of the trial date. However, his attorney explained that neither he nor "any other competent lawyer on the face of the earth can be ready for trial on June 23rd." Transcript of Proceedings (T.P.), p. 2 (June 8, 2009). With trial set two weeks away, counsel still had to evaluate defendant's capacity and mental impairments, interview witnesses, and examine the government's forensic evidence, among other pre-trial tasks. Id. at 2-3.

The reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The "relevant inquiry" is "whether the choices made by defense counsel were reasonable." Babbitt, 151 F. 3d at 1173 (internal quotation marks and citation omitted).

Given the demands and existing circumstances at the time of the status hearing two weeks before trial, I find that counsel's request for additional time was not unreasonable.

In allowing the continuance, the court explained to defendant that counsel needed additional time to review all the evidence on defendant's behalf, continue to investigate on defendant's behalf, and perhaps even obtain an agreement with the government not to seek additional charges. T.P. pp. 11-12 (June 8, 2009). The government indicated that it would not seek a superseding indictment on June 17th if the trial was setover. Thus, even if the continuance had not been granted on June 8, 2009, the return of a superceding indictment on June 17 would have necessitated a continuance in any event.

Ten days after return of the superceding indictment, defendant pleaded guilty to count two of the superceding indictment on September 1, 2009. As such, there is no prejudice nor any evidence showing that, but for counsel's request for continuance, defendant would not have pleaded guilty.

### Ground Two

Defendant also asserts his first counsel was hostile and did not act in his best interests. Specifically, defendant alleges that counsel failed to listen to him, questioned defendant's competency, and failed to advocate for him "in the light of a complete absence of evidence." Motion under § 2255 p. 6.

6    - OPINION AND ORDER

I find no evidence to support the allegations under Ground Two. No evidence is on the record that counsel was hostile or failed to listen to defendant. Indeed, there is ample evidence in the record that counsel took his duties of representation very seriously. Counsel stated at the June 8, 2009 hearing:

> I should advise the court I am also mindful of my ethical obligations, as well as my obligations under the Speedy Trial Act, which is that in my opinion I am representing someone who has diminished capacity. ... I found a number of opinions that say that when I act in what I believe to be his interests, contrary to his wishes, believing that I'm acting in the face of a mental diminished capacity, then I should do as little against his interests as I can, but I believe, in my opinion, seeking a continuance of the trial in order to make a better assessment of his situation rather than jump into something that may be damaging to him is the minimal amount I can do under the ethical rules.

T.P. pp. 6-7 (June 8, 2009). Furthermore, it was reasonable for counsel to take time to investigate charges and evidence, including audio recordings, warnings from the Federal Protective Service, police records, a confiscated weapon and ammunition, and statements from defendant and witnesses. Defendant's conclusory allegations offer no evidence to support Ground Two.

Defendant also fails to establish prejudice. Even if defense counsel was deficient in the ways alleged, defendant received new counsel. On June 23, 2009, defendant's first counsel's motion to withdraw was granted and substitute counsel granted. Thus, defendant cannot show that counsel's attitude toward him caused actual prejudice.

7    - OPINION AND ORDER

**Ground Four**

Defendant also alleges that his first counsel was incompetent and deficient in failing to demand the original charge be dropped prior to the superceding indictment. Defendant alleges that there was no evidence supporting the charge. As I explained above, evidence including audio recordings, warnings from the Federal Protective Service, police records, a confiscated weapon and ammunition, and statements from defendant were available to defense and prosecution. As such, this court gives much deference to counsel's judgment. Babbit, 151 F.3d at 1173-1174. Defendant offers no additional arguments or evidence to support the allegations of deficiency.

Defendant also cannot allege prejudice. Indeed, his first counsel withdrew and he obtained a new attorney. Under advice from his new counsel, defendant then pleaded guilty. There is no prejudice nor any evidence showing that, but for his first counsel's actions, defendant would not have pleaded guilty.

To the extent defendant argues that counsel's alleged deficiencies rendered his plea unknowing or involuntary, this argument fails. The court thoroughly explained the consequences of a guilty plea to defendant and confirmed that defendant understood those consequences. In particular, the court informed defendant that only the court possessed the authority and discretion to sentence defendant and determine the range of that

8   - OPINION AND ORDER

sentence. The court further advised defendant that any prediction by counsel was not binding on the court when imposing sentence. Defendant confirmed that no promises of leniency or of a particular sentence were made to him to induce his guilty plea. Any opinion by counsel or belief of defendant that he would receive a specific term of imprisonment constitutes nothing more than an erroneous sentencing prediction. <u>United States v. Oliveros-Orosco</u>, 942 F.2d 644, 646 (9th Cir. 1991); <u>United States v. Garcia</u>, 909 F.2d 1346, 1348 (9th Cir. 1990). Moreover, defendant received a lenient sentence given the scope of the charges against him.

Accordingly, defendant fails to show that counsel violated his right to effective counsel. Regardless, plaintiff fails to show prejudice; there is no evidence showing that, but for counsel's actions, defendant would not have pleaded guilty.

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 109) is DENIED.

IT IS SO ORDERED.

Dated this 27th day of April, 2011.

_____/s/ Ann Aiken_____
                    Ann Aiken
              United States District Judge

9    - OPINION AND ORDER