FILED'11 MAY 16 14:30USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                          09-CR-60060-AA

             Plaintiff,                        OPINION AND ORDER

        v.

JAMES TRACY CUNEO,

             Defendant.

_____

AIKEN, Chief Judge:

    Defendant moves to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  The motion is denied.

                          BACKGROUND

    On April 13, 2009, defendant appeared before a magistrate

judge on a criminal complaint charging him with threatening to

assault and murder a federal law enforcement officer in violation

of 18 U.S.C. § 115.  Upon finding defendant to be a flight risk,

the court issued an order of detention.  A search warrant was later

executed at defendant's residence, and firearm ammunition was

1    - OPINION AND ORDER

seized.  On April 16, 2009, a federal grand jury returned a single-count indictment charging defendant with threatening to assault and murder a federal law enforcement officer.

On April 20, 2009, defendant was arraigned on the indictment and a jury trial was set for June 23, 2009.  On April 22, the magistrate judge held a detention hearing and confirmed the previous order of detention.

At a status conference on June 8, 2009, the court reset trial to September 22, 2009 after defense counsel requested a continuance.  On August 20, 2009, a three-count superceding indictment was returned charging defendant with threatening to assault a federal law enforcement office in violation of 18 U.S.C. § 115, felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1), and felon in possession of ammunition in violation of 18 U.S.C. § 924(g)(1).

On September 1, 2009, defendant pled guilty to felon in possession of a firearm, and the remaining counts were dismissed by the government pursuant to a plea agreement.  In pleading guilty, defendant stated that he understood the charge against him and agreed that his offense conduct included possession of a firearm.

On November 12, 2009, defendant was sentenced, consistent with a joint recommendation of the parties, to a five-year term of probation with standard and special conditions.  On November 19, 2009, the written Judgment and Commitment order and statement of

2     - OPINION AND ORDER

reasons were entered.

Pursuant to the plea agreement, defendant waived his right to appeal any aspect of the conviction and sentence on any grounds, with three exceptions unrelated to this motion. Defendant also waived the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, except on grounds of ineffective assistance of counsel and as provided under Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). Defendant did not appeal his sentence or conviction. Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel prior to his guilty plea.

DISCUSSION

Defendant alleged four grounds for relief in his first motion under § 2255. Defendant withdrew that motion and filed a renewed motion asserting three grounds for relief. Defendant has withdrawn his third ground for relief alleging the failure of counsel to seek review of the detention order. Defendant's remaining grounds allege that counsel rendered ineffective assistance by seeking a continuance of trial instead of investigating and preparing the case, and by failing to file motions challenging the arrest and search warrants. Renewed Motion under § 2255, pp. 5-6.

To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v.

3    - OPINION AND ORDER

Wash., 466 U.S. 668, 687 (1984). Defendant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Further, proving that deficient performance caused prejudice requires more than "show[ing] that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Strickland's two-prong approach applies to plea proceedings and requires that petitioner show a reasonable probability that, but for counsel's advice, petitioner would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

In ground one, defendant contends that counsel was ineffective by failing to investigate the government's case in a timely manner or prepare for trial and allowing defendant to "languish" in custody.

Defendant's trial was initially scheduled for June 23, 2009. At a status conference held on June 8, 2009, defendant's counsel requested a ninety-day continuance of the trial date to prepare. Defendant, in a letter and during the status conference, expressed his opposition to any setover of the trial date. However, his attorney explained that neither he nor "any other competent lawyer on the face of the earth can be ready for trial on June 23."

4    - OPINION AND ORDER

Transcript of Proceedings (T.P.), p. 2 (June 8, 2009). With trial two weeks away, counsel explained that he had to evaluate defendant's capacity and mental impairments, interview witnesses, and examine the government's forensic evidence, among other pre-trial tasks. T.P. at pp. 2-3. Counsel stated:

> I should advise the court I am also mindful of my ethical obligations, as well as my obligations under the Speedy Trial Act, which is that in my opinion I am representing someone who has diminished capacity. . . . I found a number of opinions that say that when I act in what I believe to be his interests, contrary to his wishes, believing that I'm acting in the face of a mental diminished capacity, then I should do as little against his interests as I can, but I believe, in my opinion, seeking a continuance of the trial in order to make a better assessment of his situation rather than jump into something that may be damaging to him is the minimal amount I can do under the ethical rules.

T.P. at pp. 6-7 (June 8, 2009).

Counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. However, the duty to investigate is not limitless, and counsel "may make a reasonable decision that particular investigations are unnecessary." Babbitt v. Calderon, 151 F. 3d 1170, 1173 (9th Cir. 1998); Hendricks v. Calderon, 70 F. 3d 1032, 1040 (9th Cir. 1995). In reviewing the reasonableness of such decision, a court must apply "a heavy measure of deference to counsel's judgments," based "on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 691.

5    - OPINION AND ORDER

Here, it was reasonable for counsel to take time to investigate charges and evidence, including audio recordings, warnings from the Federal Protective Service, police records, a confiscated weapon and ammunition, and statements from defendant and witnesses. Given the demands and existing circumstances at the time of the status hearing a mere two weeks before trial, I find that counsel's request for additional time was reasonable. Although defend contends that counsel should have begun investigating "sooner," I cannot find that counsel was deficient in failing to be prepared for trial earlier, given the seriousness of the charges and the issues relating to defendant's mental health.

Moreover, I find no prejudice resulting from counsel's request. In allowing the continuance, the court explained to defendant that counsel needed additional time to review all the evidence on defendant's behalf, continue to investigate on defendant's behalf, and perhaps even obtain an agreement with the government not to seek additional charges. T.P. at pp. 11-12 (June 8, 2009). The government indicated that it would not seek a superseding indictment on June 17 if the trial was setover. Thus, even if counsel's request for continuance had not been granted on June 8, 2009, a return of a superceding indictment on June 17 would have necessitated a continuance in any event.

Further, twelve days after return of the superceding indictment, defendant pleaded guilty to count two of the

6    - OPINION AND ORDER

superceding indictment. Defendant suggests that he agreed to plead guilty solely to facilitate his release from custody. Regardless of defendant's motivation, he fails to show that additional preparation by counsel would have resulted in his earlier release or altered his decision to plead guilty. As such, defendant fails to establish prejudice with respect to counsel's preparation or decision to seek a continuance.

In ground two, defendant alleges that counsel was ineffective for failing to challenge the search and arrest warrants. However, defendant can hardly fault counsel for failing to file motions when he agreed to plead guilty a mere twelve days after being indicted on new charges. Moreover, defendant fails to support his claim with argument or evidence that any such motion filed by his counsel would have been successful or would have affected his decision to plead guilty.

Finally, to the extent defendant argues that counsel's alleged deficiencies rendered his plea unknowing or involuntary, this argument fails. At his change of plea hearing, the court thoroughly explained the consequences of a guilty plea to defendant and confirmed that defendant understood those consequences. T.P. at pp. 7-12 (Sept. 1, 2009). The court also informed defendant that only the court possessed the authority and discretion to sentence defendant and determine the range of that sentence, and that any prediction by counsel was not binding on the court when imposing

7    - OPINION AND ORDER

sentence. T.P. at pp. 12-13 (Sept. 1, 2009).

Further, defendant unequivocally asserted that he and counsel had discussed his case thoroughly, and that he was satisfied with his legal representation and the advice given him. T.P. at pp. 5-6, 15 (Sept. 1, 2009). Defendant confirmed that no promises of leniency or of a particular sentence were made to him to induce his guilty plea, and that he made the decision knowingly and voluntarily. T.P. at pp. 19-21 (Sept. 1, 2009); see also T.P. at pp. 19-20, 29 (Nov. 12, 2009).

Accordingly, defendant fails to show that counsel's performance was deficient or that, but for counsel's actions, defendant would not have pleaded guilty.

CONCLUSION

Defendant's renewed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 109) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of May, 2011.

_____
Ann Aiken
United States District Court